# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM GREEN, and JOANN GREEN, <br><br>　　　　　Plaintiffs, <br><br>　　　V. <br><br>SUNSET FINANCIAL SERVICES, INC., and BRYAN S. BEHRENS, <br><br>　　　　　Defendants. | 8:09CV13 <br><br> ORDER |

　　　Defendant Sunset Financial Services, Inc. filed a motion requesting that the court compel Plaintiff William Green to provide full and fair responses to certain of Sunset's interrogatories, requests for production of documents, and requests for admission. The court has now begun its review of Sunset's motion to compel and, having done so, finds that it requires additional information to resolve the motion.

　　　With respect to the requests for production - Plaintiff served amended responses following the filing of Sunset's motion to compel. Plaintiff asserts that the dispute raised in the motion to compel is largely eliminated (with the exception of issues regarding discovery of tax returns) by its amended responses. The court has reviewed Plaintiff's amended responses and the chart (filing 186-2) detailing those responses. Still, it remains unclear whether all responsive documents, with the exception of allegedly privileged materials, have been produced or whether other, non-privileged documents have been withheld on some ground.

　　　Consequently, in advance of ruling on the motion to compel, the court needs Plaintiff to explain how each amended response resolves the alleged defects with the document production. Essentially, the court wants to know whether all responsive documents have been produced and, if not, why. Plaintiff need not, at least at this time, provide a log detailing exactly which documents have been withheld or explain why any withheld documents are shielded from production by the attorney client privilege or work product doctrine.

Accordingly,

**IT IS ORDERED:**

1. By or before March 5, 2012, Plaintiff shall provide the court with a memorandum advising the court, with respect to each individual document production request, whether all responsive documents have been produced and, if not, an explanation why. As mentioned above, Plaintiff need not at this time argue the merits of its attorney client privilege or work product objections.

2. By March 9, 2012, Sunset shall advise the court, based on Plaintiff's responses, whether its concerns with respect to each individual document production request has been alleviated.

3. The court advises the parties that, given its need for additional information, the order on Sunset's motion to compel will be issued later than March 9, 2012. However, upon receiving the requested materials, the court will immediately resume its evaluation of the motion and issue an order promptly.

**DATED February 28, 2012.**

                                             **BY THE COURT:**

                                             **S/ F.A. Gossett**
                                             **United States Magistrate Judge**