IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **WILLIAM GREEN, and JOANN GREEN,** | ) ) ) | |
| Plaintiffs, | ) ) ) | **8:09CV13** |
| V. | ) ) | |
| **SUNSET FINANCIAL SERVICES, INC., and BRYAN S. BEHRENS,** | ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) | |

This case involves allegations that Sunset Financial Services, Inc. ("Sunset") enabled Bryan Behrens ("Behrens"), a registered representative of Sunset, to perpetrate a Ponzi scheme upon Plaintiffs. Sunset has filed a Motion to Compel Discovery Responses from Plaintiff William Green ("Plaintiff") (filing 176). For the reasons explained below, Sunset's motion will be granted, in part.

## ANALYSIS

Under the federal rules, parties to a lawsuit may obtain discovery regarding any matter, not privileged, that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." Moses v. Halstead, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted). "[W]hen the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure. If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." E-P International Distribution Inc. v. A & A Drug Company, No. 8:07CV186, 2009 WL 1442534,

[*4 (D. Neb. May 21, 2009)](#) ) (internal quotation and citation omitted).

All discovery is subject to the limitations imposed by [Fed. R. Civ. P. 26(b)(2)](#) and the court must limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

[Fed. R. Civ. P. 26(b)(2)](#).

### 1. Interrogatories

Sunset requests that the court compel Plaintiff to respond fairly and fully to Sunset's First Set of Interrogatories Nos. 3 and 5-18. In response to these interrogatories, Plaintiff asserted various objections, including those based on proportionality, prematurity, relevance and overbreadth. Despite these objections, Plaintiff provided the information, "subject to and without waving" objections. Sunset contends that Plaintiff's objections are without merit and that Plaintiff's answers indicating that they are "subject to" objections are improper as they prevent Sunset from knowing whether all information has been provided.

Plaintiff's counsel represents to the court that Plaintiff has (or will soon with respect to several interrogatories) provided all responsive information now available to him. The court will not assume that Plaintiff is withholding information. Because Plaintiff has informed the court that the information sought through Sunset's interrogatories that is presently available to Plaintiff has been provided, and that he is aware of his duty to supplement, the court will not painstakingly sift through and analyze each individual

interrogatory, response and objection. The court makes the following observations, however, with respect to categories of interrogatories.

Interrogatory Nos. 8-10, 12, 14, 15, 16, 18, which ask Plaintiff to describe certain matters "in detail," are vague and overly broad. *See Barker v. Local 150, Int'l Union of Operating Engineers, AFL-CIO*, No. 08-C-50015, 2010 WL 934068, *2 (N.D. Ill. March 11, 2010) (stating that an interrogatory that asked the responding party to "describe in detail why" was "over broad, imprecise, and vague."). Like the court in *Barker*, this court is unsure how Plaintiff could adequately answer these interrogatories. Despite their overbreadth, Plaintiff provided answers to these interrogatories which, overall, appear to be quite detailed. Plaintiff's responses are sufficient.

Also, Interrogatory Nos. 10 and 11, which ask Plaintiff to "[d]escribe in detail each and every meeting you had with Behrens concerning investments and/or loans involving promissory notes" and to "[i]dentify each and every meeting or telephone conversation you had with Behrens from three years prior to your first investment or loan with National Investments, Behrens, and/or BBC, Inc. to the present" are clearly overbroad and, again, nearly impossible to answer. (Filing 185 at CM/ECF pp. 17-19.) Nevertheless, Plaintiff responded as best he could, generally stating that he met with Behrens regularly for years to discuss investments and estimating that he spoke with Behrens every week or two before the SEC sued Behrens. (*Id.*)

The court finds Sunset's argument regarding the impropriety of Plaintiff's responses made "subject to" objections unpersuasive. As counsel is surely aware, it is common practice for such statements to be made in response to discovery requests, primarily for purposes of avoiding discovery disputes such as this one. The court recognizes Sunset's concern that Plaintiffs responses prevent them from knowing whether all information has been provided. However, given Plaintiff's representations regarding his responses, this concern should be eliminated or, at the very least, greatly lessened. Sunset's motion to compel additional responses to Sunset's First Set of Interrogatories will be denied.

### 2.     Requests for Production of Documents

Sunset asks that the court order Plaintiff to fully respond to Request for Production of Documents Nos. 4-15, 17, 18, 22, 25, 33, 34, 37, 43-46, 67-70, 103-112.  Because the status of Plaintiff's responses was unclear, the court ordered Plaintiff to advise the court, with respect to each individual document production request, whether all responsive documents have been produced and, if not, an explanation why.  (Filing 197.)  Plaintiff subsequently supplied the court with a report detailing the status of his document production.  The court interprets Plaintiff's report as stating that Plaintiff has fully responded to Request Nos. 6, 7, 13, 15, 18, 22, 45, 46, 103 and 106 and has provided all documents responsive to these requests.[1]  (Filing 202.)  Sunset also now appears to be satisfied with Plaintiff's response to Request No. 109, as this request was not mentioned in Sunset's response to Plaintiff's status report.  Therefore, the court will not address these requests in this order.

Plaintiff has advised that he has withheld documents responsive to Request Nos. 12, 104, 105, 110, 111 and 112 on the grounds of the attorney-client privilege and the work product doctrine.  Although Sunset did not specifically mention the attorney-client privilege or work product doctrine in its initial brief in support of its motion to compel, the court finds that Plaintiff still has an obligation to produce a privilege log.  Without a privilege log, Sunset, as well as the court, is unable to assess the validity of Plaintiff's objections.  Therefore, as to all documents withheld on the basis of privilege or the work product doctrine, Plaintiff will be ordered to produce a privilege log.

Plaintiff has also refused to provide documents responsive to Request No. 17, arguing that the request does not apply to this case as a matter of law and that it is unclear.  Request No. 17 asks Plaintiff to produce "[a]ll documents concerning any action taken by you to limit

---

[1] The court notes that Sunset remains unsatisfied with Plaintiff's responses to Request Nos. 6, 7, 18, 45 and 46.  Sunset argues that it remains unclear whether all responsive documents have been produced.  The court interprets Plaintiff's status report as meaning that all documents responsive to these requests have been produced.  The court will not assume that Plaintiff's representation is untrue.  If, however, the court is incorrect in its reading of Plaintiff's status report, Plaintiff shall immediately notify the court.

losses or mitigate damages in related to the allegations in your Complaint." ([Filing 202 at CM/ECF pp. 10-11.](Filing 202 at CM/ECF pp. 10-11))  While not worded the clearest, and possibly including a grammatical error, the court will order Plaintiff to respond to the request, subject to Plaintiff's privilege and work product objections.  If Plaintiff's counsel requires clarification to respond to this request, he shall confer with defense counsel.  Again, documents withheld on the basis of privilege or work product must be included on Plaintiff's privilege log.

Plaintiff asserts that he has produced all documents responsive to Request Nos. 8, 9, 10, 25, 37, 67 and 68, with the exception of privileged documents, irrelevant communications with CSO after suit was filed and communications between counsel for the parties and/or the Receiver.  Sunset contends that communications between counsel are relevant to the issue of whether Plaintiff and Behrens have a common motive to saddle Sunset with the liability for Behrens' fraud.  Sunset also points out that Plaintiff has already produced communications between counsel for Plaintiff and counsel for the regulators and that Plaintiff has previously produced some communications between his counsel and counsel for Behrens.  Sunset argues that Plaintiff is impermissibly picking and choosing which responsive documents to produce.  The court agrees with Sunset that the withheld documents may be of some relevance to the claims and defenses in this suit.  Therefore, as to Request Nos. 8, 9, 10, 25, 37, 67 and 68, the court will order Plaintiff to produce the remaining responsive documents, except those which Plaintiff claims are privileged or subject to work product protection.  The documents withheld on those grounds must, however, be listed on a privilege log.

The court interprets Plaintiff's status report as meaning that he has produced all documents responsive to Request Nos. 11 and 43, with the exception of documents dated after the complaint was filed and bank statements.  The court will order Plaintiff to produce the referenced bank statements.  However, because it is not apparent how the responsive documents dated after the complaint was filed are relevant to this suit, production of these documents will not be required.

Request No. 44 asks Plaintiff to produce "[a]ll documents concerning any real property owned in whole or in part by you . . . from three years prior to your first investment

or loan with National Investments, Behrens and/or BBC, Inc. to the present." (Filing 202, pp. 16-17.) Plaintiff contends that he has produced documents sufficient to identify the requested property and that he believes his response addresses the request. Plaintiff argues that "all documents concerning" the property are not relevant. The court agrees with Plaintiff that this request is quite broad and likely encompasses an extensive number of documents that are irrelevant to this suit. Upon Plaintiff's representation that he believes that he has fully responded to the request and has provided the relevant documents, Plaintiff will not be ordered to produce documents outside of what has already been provided.

Finally, Plaintiff refuses to produce his tax documents in response to Request Nos. 4, 5, 33, 34, 69, 70, 107 and 108,[2] arguing that these items are not subject to discovery in this case. Plaintiff argues that the documents are irrelevant and, further, that Sunset does not have a compelling need for the tax returns. Sunset, on the other hand, contends that Plaintiff's tax documents are relevant in assessing the element of "justifiable reliance" in this action and that it needs the tax information because it could relate to Plaintiff's sophistication and expertise in financial and securities matters.

"Courts have made it increasingly clear that tax returns in the hands of a taxpayer are not privileged from civil discovery." *Terwillinger v. York Int'l Corp.*, 176 F.R.D. 214, 216 (W.D. Va. 1997). Still, many courts, including district courts within the Eighth Circuit, require a heightened showing of necessity, or the demonstration of a "compelling need," before ordering the disclosure of tax documents. *See Nixon v. Enterprise Car Sales Co.*, No. 4:09CV1896, 2011 WL 1627170 (E.D. Mo. Apr. 26, 2011); *Glenford Yellow Robe v. Allender*, No. 09-5040-JLV, 2010 WL 1780266 (D.S.D. Apr. 30, 2010). However, setting aside the issue of whether the showing of a compelling need is necessary, it appears to the court that production of Plaintiff's tax returns would be largely cumulative of information that Plaintiff has already provided. At this time, it does not appear to the court that Sunset needs Plaintiff's tax returns to investigate the issue of justifiable reliance and certainly has

---

[2] Plaintiff represents that all documents responsive to these requests, with the exception of tax documents and privileged or work product protected materials, have been produced. Plaintiff must produce a privilege log with respect to the documents claimed to be privileged or work product.

no "compelling need." This is particularly true given the number of financial and investment documents that Plaintiff has already produced, including a net worth statement. *See Trudeau v. New York State Consumer Protection Bd.*, 237 F.R.D. 325, 331 (N.D.N.Y. 2006) (stating that if information contained in a tax return is available from another source, such as through deposition or an affidavit of net worth, compelled discovery of the return should be denied). The court, which is allowed "great latitude" in discovery matters, will not, at least at this time, compel Plaintiff to provide the tax returns sought by Request Nos. 4, 5, 69, 33, 34, 70, 107 and 108. *Pleasants v. Am. Express Co.*, 541 F.3d 853, 859 (8th Cir. 2008).

    **3.**    **Requests for Admission**

Sunset complains that Plaintiff's responses to its requests for admission thwart the majority of its requests because Plaintiff provides an explanation or rationalization when answering, rather than simply stating "admitted" or "denied." The court finds nothing evasive or improper with Plaintiff's responses.

Federal Rule of Civil Procedure 36, which governs requests for admission, provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

Fed. R. Civ. P. 36. Plaintiff's responses specify the things admitted, and then explain in detail why certain matters cannot truthfully be denied or admitted. Plaintiff has properly responded to these discovery requests.

    **IT IS ORDERED:**

    1.    Sunset's Motion to Compel Discovery Responses from Plaintiff William Green (filing 176) is granted, in part.

    2.    As to Document Production Request No. 17, Plaintiff shall produce all responsive documents, with the exception of those claimed to be privileged or subject to work product protection.

3. As to Document Production Request Nos. 8, 9, 10, 25, 37, 67 and 68, Plaintiff shall produce the remaining responsive documents, except those documents which Plaintiff claims are privileged or subject to work product protection.

4. With respect to Document Production Request Nos. 11 and 43, Plaintiff shall produce the responsive bank statements.

5. Plaintiff shall produce a privilege log detailing all documents withheld from production on the grounds of the attorney-client privilege or the work product doctrine. The log shall be provided to Sunset by or before April 23, 2012.

6. Plaintiff shall produce the documents specified in this order by or before April 23, 2012.

7. In all other respects, Sunset's Motion to Compel Discovery Responses is denied.

8. Attorneys' fees will not be awarded.

**DATED March 20, 2012.**

                                            **BY THE COURT:**

                                            **S/ F.A. Gossett**
                                            **United States Magistrate Judge**